DENNIS, Circuit Judge,
concurring in the judgment:
I agree with the majority that the district court was correct to grant summary judgment for East Baton Rouge Parish Sheriff Sid Gautreaux III. However, I do not agree with all of the majority’s reasoning and therefore join in the judgment only. As far as Shane Bellard’s federal and state constitutional due process claims, the summary judgment evidence fails to include admissible evidence to show that the Sheriff or anyone in his Department published the sexual harassment allegations against Bellard that led to his termination from the Sheriffs Department. Bellard’s affidavit that Chief Jeff LeDuff told him that the Sheriff had purportedly told LeDuff that Bellard was terminated for sexual harassment was inadmissible hearsay. See Fed.R.Evid. 801, 805. Thus, it was not competent summary judgment evidence. See Fed.R.Civ.P. 56(c)(4) (“An affidavit ... used to support or oppose a motion must [inter alia] ... set out facts that would be admissible in evidence ....”). Neither was the fact that Bellard himself told LeDuff about those allegations evidence of publication, see Hughes v. City of Garland, 204 F.3d 223, 228 (5th Cir. 2000) (“This Circuit has consistently required that public disclosure be made by the [defendant governmental entity].”); nor did Bellard introduce evidence that anyone in the Sheriffs Department “plac[ed] [such allegations] in a publicly available file,” Tebo v. Tebo, 550 F.3d 492, 504 (5th Cir.2008); see also Hughes, 204 F.3d at 228. With regard to Bellard’s state law defamation claims, the Sheriff was also entitled to summary judgment because Bellard failed to show a genuine issue of material fact as to why the Sheriff and his Department would not be immune from liability (if they were in fact liable) under Louisiana Revised Statutes § 23:291(A). Therefore, I concur in the majority’s judgment affirming the district court’s grant of summary judgment for the Sheriff on all of Bellard’s claims.